IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHARY PRYER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-3126 |
| | : | |
| JOSEPH MAZURKIEWICZ, et al. | : | |

# **ORDER**

AND NOW, this 19th day of September, 2013, upon careful and independent consideration of Petitioner Khary Pryer's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and Pryer's objections thereto, it is ORDERED:

1. Pryer's Exception/Objection to the Report and Recommendation (Document 19) is OVERRULED[1];

---

[1] In his objections to the Report and Recommendation, filed on January 5, 2012, Pryer raises no issues that would cause this Court to disturb Judge Hey's conclusion that the statute of limitations under 28 U.S.C. § 2244(d)(1) bars consideration of Pryer's habeas petition.

In objecting to the Report and Recommendation, Pryer argues his second PCRA petition filed on March 19, 2007, should be considered "properly filed," and thus toll the statute of limitations pursuant to § 2244(d)(2). Pet'r's Exception/Objection 2. As Judge Hey recognized, however, the PCRA Court concluded Pryer's second petition was untimely, and "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation omitted). Pryer also cannot rely on equitable tolling as a means to have this Court consider his second PCRA petition "properly filed," because Pryer has not established that any extraordinary circumstances necessary to invoke the doctrine are present. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Pryer also argues, for the first time in his objections, the statute of limitations should be tolled because his counsel was ineffective for failing to seek direct review of his conviction from the Pennsylvania Supreme Court. Pet'r's Exception/Objection 4-8. In their answer to Pryer's habeas petition, Respondents pressed the statute of limitations argument, but Pryer did not subsequently address the issue or otherwise argue he was entitled to equitable tolling. Because Pryer did not present this new argument to Judge Hey, the issue is not properly before this Court and need not be considered. *Stromberg v. Varano*, No. 09-401, 2012 WL 2849266 at *2 (E.D.

2. The Report and Recommendation (Document 16) is APPROVED and ADOPTED;

3. Pryer's petition for writ of habeas corpus (Document 1) is DENIED;

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez,
Juan R. Sánchez, J.

---

Pa. July 11, 2012) (collecting cases holding "issue[s] raised anew in a habeas petitioner's objections to a magistrate judge's report . . . are not properly before the court, and thus are not to be addressed"); Local R. Civ. P. 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.").

In any event, even if this Court were to consider Pryer's new argument, it cannot succeed on the merits. Assuming Pryer would be entitled to equitable tolling for time period during which he attempted to pursue an appeal to the Pennsylvania Supreme Court, he would at most be entitled to equitable tolling for the 141 days between October 2, 2003 (the start date for the statute of limitations) and February 20, 2004 (the date Pryer filed his first PCRA petition, which triggered statutory tolling). As Judge Hey noted, the limitation period expired on April 6, 2008, and Pryer's habeas petition was filed on June 24, 2010 — 809 days after expiration. Applying equitable tolling to grant an additional 141 days is inconsequential, as it would not render Pryer's habeas petition timely filed.